IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**MARIA BRAVO**,

    Plaintiff,

v.

**MICHAEL P. KENNEDY, M.D.,
OREGON SPORTS MEDICINE
ASSOCIATES, P.C., OREGON
OUTPATIENT SURGERY CENTER, LLC**,

    Defendants.

No. CV 10-228-MO

OPINION AND ORDER


**MOSMAN, J.**,

## INTRODUCTION

Maria Bravo brings this suit against Dr. Michael P. Kennedy, Oregon Outpatient Surgery Center, LLC ("OOSC"), and Mr. Kennedy's practice group, Oregon Sports Medicine Associates, P.C. ("OSMA"). Before the Court is Ms. Bravo's motion to dismiss OOSC from the action without prejudice for lack of jurisdiction (#35). For the reasons addressed below, I grant Ms. Bravo's motion.

## BACKGROUND

Maria Bravo, a resident of Walla Walla, Washington, underwent foot surgery on October 3, 2008 at OOSC. Mr. Kennedy, an employee of OOSC, conducted the surgery. Contrary to Ms. Bravo's intentions, and without her consent, Mr. Kennedy allegedly operated on her right foot

1

instead of her left foot. As a result, Ms. Bravo allegedly underwent an unnecessary procedure, causing her pain and permanent damage.

Because Mr. Kennedy allegedly operated on the wrong foot, Ms. Bravo must undergo an additional surgery to correct the original problem. In response to Mr. Kennedy's alleged mistake, Ms. Bravo sued Mr. Kennedy, a resident of Portland, Oregon; OOSC, whose principal place of business is in Tigard, Oregon; and OSMA, Mr. Kennedy's practice group whose principal place of business is also in Tigard, Oregon. Claiming battery and medical negligence, Ms. Bravo seeks one million dollars in damages for pain, suffering, and emotional distress as well as $16,660.00 for medical expenses.

Subsequent to filing suit, Ms. Bravo learned that OOSC has at least one corporate member whose principal place of business is in Washington State, the same state in which Ms. Bravo resides. On September 30, 2010, while Ms. Bravo determined whether a motion to dismiss could be filed, she filed a state court action in Oregon to prevent the statute of limitations from running against OOSC.

## DISCUSSION

In order to preserve the Court's diversity jurisdiction, Ms. Bravo now moves to dismiss OOSC pursuant to Federal Rules of Civil Procedure 41(a)(2) and 21. (Mot. Dismiss (#35).) Mr. Kennedy, OSMA, and OOSC object. They contend that OOSC is an indispensible party within the meaning of Federal Rule of Civil Procedure 19 and, in the alternative, that if OOSC is dismissed, the company must be dismissed with prejudice under Rule 41. (Def.'s Resp. (#38) 3–7); (Def.'s Resp. (#40) 5–7.)

Subject to narrow exceptions, a plaintiff is free to choose whom to sue. *See J. Moore, et al.*, 16 *Moore's Federal Practice*, § 107.14(2)(c) (3d ed. 2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties."). Two of these narrow exceptions are addressed by Federal Rules of Civil Procedure 19 and 21. Whereas Rule 19 requires certain parties to be joined, Rule 21 permits Courts to, "at any time, [and] on just terms, add or drop a party." Fed. R. Civ. P. 21. Accordingly, in order to exercise the discretionary power conferred by Rule 21, the Court must determine whether or not any of the parties are indispensible parties under Rule 19. *Fid. & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 918 (9th Cir. 1979); *Anrig v. Ringsby United*, 591 F.2d 485, 491 (9th Cir. 1978).

I.  **Dismissal Under Rule 19**

Mr. Kennedy, OOSC, and OSMA argue that under Rule 19 OOSC is an indispensible party that cannot be dismissed from the action without prejudicing Mr. Kennedy, OOSC, or OSMA. In support of their position, they cite the factors enumerated under Rule 19(b) and contend that each militates against dismissing OOSC. *See* Fed. R. Civ. P. 19(b). However, because it is "well established that a joint tortfeasor is not an indispensable party," Ms. Bravo's motion to dismiss OOSC is granted. *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 471 (9th Cir. 1960) (citing *Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co.*, 206 F.2d 336, 337 (9th Cir. 1953)).

Joint tortfeasors subject to possible claims of contribution are categorically not indispensible parties under FRCP 19(b). *See, e.g.*, *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990) ("[N]o inquiry under Rule 19(b) is necessary, because . . . [a]s potential joint tortfeasors

3

with Synthes [the manufacturer of a defective medical implant], Dr. LaRocca and the hospital were merely permissive parties."). Mr. Kennedy, OOSC, and OSMA have not attempted to distinguish this line of precedent from the current situation. Further, Mr. Kennedy, OOSC, and OSMA do not dispute that if Ms. Bravo prevails they would be jointly and severally liable for her injuries. Therefore, because Mr. Kennedy and OOSC would be jointly and severally liable for Ms. Bravo's injuries and a joint tortfeasor is not an indispensible party under Rule 19(b) as a matter of law, I grant Ms. Bravo's motion to dismiss.

**II.     Dismissed Under Rule 41**

Mr. Kennedy, OSMA, and OOSC further contend that, if OOSC is dismissed, the company must be dismissed with prejudice. This argument is, however, meritless. Federal Rule of Civil Procedure 41(a)(2) permits plaintiffs, pursuant to a Court order, and subject to any terms and conditions the Court deems proper, to dismiss an action without prejudice at any time. Fed. R. Civ. P. 41(a)(2); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). When ruling on a motion to dismiss without prejudice, the Court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Plain legal prejudice exists if the defendant can show "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or the threat of future litigation is not legal prejudice. *Id.*; *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

OOSC proffers three arguments explaining why it should be dismissed with prejudice. First, it argues that under O.R.S. § 31.610(1) it will be liable for more than its proportionate share of any damages award to Ms. Bravo. In pertinent part, O.R.S. § 31.610(1) states, "the liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint." OOSC concludes, therefore, that the statute would burden it alone with the full cost of Ms. Bravo's injury.

Oregon law is not so draconian. As explained in *McCormick v. City of Portland*, "ORS 18.485 [now recodified as O.R.S. § 31.610] alters the traditional rule of joint and several liability between tortfeasors." 82 P.3d 1043, 1049 (Or. Ct. App. 2004). However, whereas subsection (1) eliminates joint and several liability, subsection (2) requires the trier of fact to assign each tortfeasor their proportionate share of the damages. *Id*. ("The court shall calculate and state in the judgment a monetary amount reflecting the share of the obligation of each [defendant]."). The statute does not, in other words, absolve Mr. Kennedy and OSMA of their fault. On the contrary, it would require the trier of fact to assign to OOSC whatever fault the trier of fact deems to be OOSC's fault and only its fault. *See Tenbusch v. Linn Cnty.*, 18 P.3d 419, 422 (Or. Ct. App. 2001) ("ORS 18.485 determines[s] the proportional shares of tortfeasors in the entire liability found by the trier of fact."). Therefore, rather than prejudicing OOSC, as the company erroneously argues, this statute protects OOSC.

OOSC makes an analogous argument under O.R.S. § 31.600(2). The company asserts that prejudice to it "could include impairment of the right to have a jury compare the fault of others in the state case." Again, OOSC misreads Oregon law. O.R.S. § 31.600(2) addresses plaintiffs' contributory negligence and instructs the trier of fact to compare plaintiffs' fault with defendants' fault or the fault of any party with whom plaintiffs have already settled. *See* O.R.S. §

5

31.600; *Son v. Ashland Cmty. Healthcare Servs.*, 244 P.3d 835, 841–42 (Or. Ct. App. 2010) ("[T]he comparative fault statute allows the contributory negligence of the plaintiff to be compared with the tortfeasor and can be used to reduce the damages awarded to the plaintiff. ORS 31.600(2). However, the statute does not obviate the application of general common-law negligence principles when pleading and proving an affirmative defense of contributory negligence."). Because Mr. Kennedy, OOSC, and OSMA have not made any cross claims alleging contributory negligence, the statute simply does not apply. Moreover, as the *Son* court observed, the statue would not prevent OOSC from utilizing any common law principles when mounting its defense. *Id*. This argument is, therefore, meritless.

OOSC's third argument contends that prejudice will result because dismissal raises the possibility of inconsistent factual determinations. Again, OOSC fails to persuade. On the one hand, both the *Wetlands* and *Lenches* courts have expressly stated that legal prejudice is not the mere "[u]ncertainty" of a dispute remaining unresolved or the threat of future litigation. *Westlands Water Dist.*, 100 F.3d at 97; *Lenches*, 263 F.3d at 976. On the other hand, Oregon courts would protect OOSC from contradictory factual findings of Mr. Kennedy's fault. *See, e.g.*, *Eckleberry v. Kaiser Found. N. Hosp.*, 359 P.2d 1090, 1095–96 (Or. 1961) (stating that Oregon courts would not permit a jury to "exonerate[] the allegedly negligent servant, but return[] a verdict against the master," unless "there was negligence on the part of [the master]."). As a result, the mere fact that inconsistent factual determinations are conceivably possible fails to amount to prejudice under Rule 41.

Finally, OOSC asserts that the Court should award costs. This request is entirely meritless. As the Ninth Circuit has observed, awarding costs is only appropriate where a party as completed work, "which cannot be used in any future litigation of these claims." *Westlands Water Dist.*, 100 F.3d at 97. Dismissal without prejudice, which merely requires OOSC to litigate in a different Court, preserves any claim or defense OOSC may wish to assert. As a result, the company has not completed any needless work, which would warrant an award of costs.

## CONCLUSIONS

For the reasons discussed above, Ms. Bravo's motion to dismiss OOSC without prejudice (#35) is GRANTED.

IT IS SO ORDERED.

DATED this   11th   day of February, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court